## APPEAL OF R. P. PATTERSON.

### [R. P. Patterson v. Scranton etc. R. Co.]

FROM THE DECREE OF THE COURT OF COMMON PLEAS OF
LACKAWANNA COUNTY, IN EQUITY.

Argued October 24, 1889—Decided November 4, 1889.

1. On the hearing of a motion for an injunction to restrain a railroad company from constructing its roadbed over land claimed by the plaintiff, if the plaintiff's proofs show neither title nor possession in him, but the defendant's proofs show both title and possession in the company, the injunction should be refused.
2. An owner of land on the east side of a river is not entitled to an injunction to restrain a railroad company from building a retaining wall on the west side, where the proofs neither define the plaintiff's riparian rights, nor show that the wall will impede or deflect the flow of the water.

Before STERRETT, GREEN, CLARK, McCOLLUM and MITCH-
ELL, JJ.

No. 48 January Term 1890, Sup. Ct.; court below, No. 3
October Term 1889, C. P. in Equity.

On September 7, 1889, Roswell P. Patterson filed a bill in
equity against the Scranton & Forest City Railroad Co., which
averred:

1–3. That the plaintiff was the owner in fee of a certain tract
of land in the boroughs of Blakely and Winton, said county,
over which the Lackawanna river flowed.

4. That on or about September 3, 1889, the defendant, by
itself and its agents, etc., without any warrant or authority of
law, and without having complied with the statutes in such
cases made and provided, entered upon plaintiff's said lands
and commenced to dig, excavate, fill up and construct its rail-
road thereon, to the great damage of the plaintiff; and that the
said railroad company, without any warrant or authority of law,
and contrary to law, and without having complied with the acts
of assembly in such cases made and provided, was then upon
said lands and attempting to construct its said railroad thereon.

5. That the defendant, by itself, its agents, employees, con-
tractors and workmen, had entered and was then upon the lands
of the plaintiff, described in paragraph two of the bill, without
any authority of law and contrary to law, and in violation of
the acts of assembly in such cases made and provided, filling
up the bed of the said Lackawanna river, where the same nat-
urally flowed over, upon and across the said described lands of
the plaintiff, and was by such unlawful filling up of said river
diverting its natural flow or course, to the great and irreparable
injury of the plaintiff, and to the plaintiff's lands described in
paragraph two of this bill.

The bill prayed for an injunction restraining the defendant
from entering upon the plaintiff's lands to construct its rail-
road thereon, from filling in the bed of the river, and from
diverting the natural flow of the river where it crossed said
lands.

A preliminary injunction was awarded, on the filing of the
bill, and the same day a rule was granted on the defendant to
show cause why the preliminary injunction should not be con-
tinued, returnable to September 12th.

On September 14, 1888, the rule having been argued, the court, GUNSTER, J., filed the following opinion:

There can be no question but that a corporation, invested with the privilege of taking private property for public use, must make just compensation for property taken, injured or destroyed by the construction of its works or improvements, and that such compensation must be paid or secured before such taking, injury or destruction: Article XVI., § 8, of the Constitution; and that injunction is the proper remedy in case such corporation attempts to take, injure or destroy property before the compensation therefor has been paid or secured: Commonwealth v. Pittsb. etc. R. Co., 24 Pa. 159; Unangst's App., 55 Pa. 128; Stewart's App., 56 Pa. 413.

There is, however, an obstacle in the way of continuing the injunction heretofore granted. The defendant not only denies the title of the plaintiff, but alleges that the company has the title to the locus in quo and that it and those under whom it claims have been in possession thereof for many years. There is no formal proof of paper title; but the defendant shows by the affidavit of J. W. Peck, from whom it purchased, as well as by the affidavits of a number of others, that John Messicar and those claiming under him were in possession of the land for many years; that Mr. Peck bought of those in possession about twenty years ago, and that he sold to the defendant in March of the present year.

On the other hand, the plaintiff claims to have purchased the land in 1871, and his deed was in evidence before me. I have no doubt the land described in the deed includes the land on which the defendant is constructing its railroad, but the plaintiff offered no evidence to show title in those from whom he bought, and no evidence as to who had been in possession of it, to rebut or overcome that offered by the defendant. When the plaintiff's right has not been established at law, or is not clear, but is questioned on every ground on which he puts it, he is not entitled to an injunction: Rhea v. Forsyth, 37 Pa. 503; Minnig's App., 82 Pa. 373; Washburn's App., 105 Pa. 480. If the plaintiff were, or ever had been, in possession of the land, a different question might be presented, but I do not see my way clear to restraining the defendant from carrying on a legitimate enterprise on land of which it is in

possession and to which it claims the title, before the plaintiff's rights have been established at law.

The plaintiff also alleges in his bill of complaint that the defendant is filling up the bed of the river and diverting the channel therof, and that this will cause him irreparable injury. He is in possession of lands on the east side of the river. His rights as a riparian owner are not defined. This part of the complaint appears to me to be based upon a misapprehension of the plans and purposes of the defendant. If the defendant intended to construct the retaining wall already begun to the middle pier of the Decker bridge and to fill in all of the channel between such wall and the former bank of the river on the west side, the complaint would no doubt be well founded; but it appears from the maps and affidavits before me that instead of building the wall to the middle pier of the bridge, it is only cutting into the rough banks of the river and erecting a solid wall with a smooth surface to protect the banks of the river, and that the dirt now thrown into the river is from the excavations made for the wall, and is to be thrown back as filling. The engineers all testify that a wall with a smooth surface, such as is being constructed, instead of impeding the flow of the river or deflecting it upon the plaintiff's land, will draw the water to itself and increase the flow. If such is the case I do not see how the plaintiff will be injured. The injunction heretofore granted is dissolved.

Thereupon the plaintiff took this appeal, assigning as error the order of the court dissolving the preliminary injunction.

*Mr. W. W. Watson* (with him *Mr. R. H. Patterson*), for the appellant.

Counsel cited: Masson's App., 70 Pa. 26; 2 Wood's Railway Law, 870; Commonwealth v. Railroad Co., 34 Pa. 159.

*Mr. Charles H. Welles*, for the appellee, was not heard.

The brief filed cited: Rhea v. Forsyth, 37 Pa. 503; Mammoth Vein Coal Co.'s App., 54 Pa. 183; New Boston C. & M. Co. v. Water Co., 54 Pa. 164; Brown's App., 62 Pa. 17; Norris's App., 64 Pa. 275; Tillmes v. Marsh, 67 Pa. 507; Minnig's App., 82 Pa. 373; Washburn's App., 105 Pa. 480.

Syllabus.

PER CURIAM:

The sole complaint in this case is that the court erred in not continuing the preliminary injunction.

We are of opinion that there is no error in the decree complained of. Adhering to our general rule in cases of this class, we intimate no opinion on the merits of the case in other respects. The proper time to do that is when the case comes here, if it ever does, on appeal from a final decree of the court below.

> Decree affirmed at the costs of appellant and record remitted for further proceedings.